UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| Gail Sebastiao | : | Case No.: |
| Plaintiff | : | |
| v. | : | **COMPLAINT** |
| Mass General Brigham, Inc. and Unum Life Insurance Company | : | |
| Defendant | : | |

Plaintiff, Gail Sebastiao, for her Complaint against Defendants Mass General Brigham, Inc. and Unum Life Insurance Company of America states as follows:

1. Plaintiff is an individual who resides in Blue Hill, Maine, and who is or was a participant in a long-term disability plan (the "Plan") sponsored by her former employer, Mass General Brigham, Inc.

2. Upon information and belief, the Plan is self-funded by Defendant Brigham and claims are adjudicated by a third party, Defendant Unum Life Insurance Company of America, pursuant to the terms of a group long term disability insurance policy written by Unum. (the "Policy").

3. Upon information and belief, Defendant Unum is a domestic company with an offices in Portland, Maine.

4. Unum served as the claims administrator of the Plan for purposes of benefit determinations made pursuant to the Policy.

5. Plaintiff brings this action to recover benefits under the Plan and Policy.

6. Plaintiff brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B) and to recover benefits under the Plan and Policy. This Court has

subject matter jurisdiction over this action, and it may assert personal jurisdiction over Defendants because, per ERISA 502(e), parties can be found in this district.

### Claim for Relief

7. The Policy provides that Defendant Brigham will pay disability benefits to participants who are participants under the Plan, as adjudicated by Defendant Unum.

8. Under the Policy, disability is defined as the inability to perform your occupation.

9. Prior to Plaintiff's total disability, Plaintiff served as a pharmacy technician for Defendant Brigham.

10. Plaintiff stopped working on July 2, 2022 due to several medical conditions.

11. Plaintiff became disabled under the policy on or about July 2, 2022.

12. Plaintiff timely submitted a claim for disability benefits.

13. Defendants denied Plaintiff's claim.

14. Plaintiff appealed that determination in a timely manner.

15. Defendants denied Plaintiff's appeal.

16. Plaintiff exhausted her administrative remedies.

17. Plaintiff is entitled to a judgment against Defendants, in the amount of the unpaid disability benefits under the Plan and Policy.

18. Plaintiff is also entitled to prejudgment interest and an award of attorney's fees in an amount to be proven.

WHEREFORE, Plaintiff requests the Court grant his/her the following relief from Defendant:

      a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

      b. An order reinstating Plaintiff's benefits and ordering that they be paid through coverage under the Plan and Policy.

      c. Plaintiff's costs and attorney's fees; and

      d. All other relief the Court may deem proper.

Dated:  September 18, 2025

          /s/ *Andrew S. Davis*
          Andrew S. Davis, Esq.
          DAVIS LAW LLC
          PO Box 17887
          Portland, Maine 04112
          andrew@erisabenefitlawyer.com